UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-CV-00809-GNS-CHL

ROY STUCKER; and
COURTNEY BROWN POTTER,
on behalf of herself and her minor child, S.W.                          PLAINTIFFS

v.

LOUISVILLE METRO GOVERNMENT;
UNKNOWN METRO POLICE OFFICERS; and
WESLEY TROUTMAN                                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss filed by Wesley Troutman ("Troutman") (DN 8). The motion has been fully briefed and is ripe for decision. For the reasons stated below, the motion is **GRANTED**.

### I.     BACKGROUND

This matter was initially filed by Plaintiffs Roy Stucker ("Roy") and Courtney Brown-Porter ("Courtney"), on behalf of herself and her minor child ("SW") (collectively "Plaintiffs"), in state court on July 14, 2020, alleging violations of their rights under the U.S. Constitution and 42 U.S.C. § 1983. (Compl. 1, DN 1-3). Plaintiffs sued Defendants Louisville Metro Government ("LMG"), "Unknown Detective", and "Unknown Metro Police Officers". (Compl. 1). Plaintiffs later filed an Amended Complaint against Defendants LMG, Troutman, and "Unknown Metro Police Officers" on November 18, 2020. (Am. Compl. 1). The case was removed to federal court on December 3, 2020. (Notice Removal, DN 1).

This dispute arises out of the execution of a search warrant in Jefferson County, Kentucky, on July 15, 2019. (Am. Compl. ¶ 3). Plaintiffs were painting a residence in Louisville when

Defendants executed a search warrant on the residence relating to the suspected drug activity of Joshua Kirk ("Kirk"), who had been surveilled on multiple occasions, and had been seen entering the house. (Am Compl. ¶¶ 5-9). However, Plaintiffs allege the house had been vacant for 5-10 days, and they were not affiliated with Kirk or any drug activity and were hired to paint the residence for the new residents. (Am Compl. ¶¶ 13-16). Plaintiffs claim a SWAT team stormed the house with guns drawn, and handcuffed each one of the Plaintiffs, including SW. (Am Compl. ¶¶ 17-27).

Plaintiffs assert Defendants violated their Fourth Amendment rights and 42 U.S.C. § 1983 in obtaining the search warrant and unreasonably executing the search warrant,[1] as well as claims for false imprisonment and the tort of outrage against Troutman. (Am. Compl. ¶¶ ¶¶ 33-51, 66-71). Lastly, Plaintiffs bring a *Monell* claim against the LMG alleging their conduct violated 42 U.S.C. § 1983. (Am. Compl. ¶¶ 52-63).

## II. STANDARD OF REVIEW

To survive a 12(b)(6) motion to dismiss for failure to state a claim the complaint must contain sufficient facts that, if accepted as true, would "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Stated legal conclusions must be supported by factual allegations. *Id.* at 679. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

---

[1] In their response, "Plaintiffs concede, without waiving any other rights, that the following claims against Troutman may be dismissed: (1) claims for violation of Kentucky's constitution; (2) claims against Troutman in his official capacity, as those are really claims against Metro; and (3) official misconduct under KRS § 522.020."). (Pls.' Resp. Def.'s Mot. Dismiss 1). Accordingly, those claims will be dismissed.

2

### III. DISCUSSION

#### A. Section 1983 Claims

Section 1983 does not contain its own statute of limitations period, but it is well settled that constitutional claims asserted under Section 1983 are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued . . . ." KRS 413.140(1)(a); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).

Though the applicable statute of limitations is determined by state law, the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). "[I]t is the standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (alteration in original) (internal quotation marks omitted) (internal citation omitted) (quoting *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)).

"A § 1983 claim for excessive force in effectuating an arrest accrues at the time of arrest." *Fox*, 489 F.3d at 233 (citation omitted). A claim of unlawful search and seizure under the Fourth Amendment accrues at the time of the alleged search and seizure. *See Harper v. Jackson*, 293 F. App'x 389, 392 n.1 (6th Cir. 2008) ("Harper's claims thus accrued on July 31, 2003, the date of the alleged illegal search and seizure." (citation omitted)); *Michel v. City of Akron*, 278 F. App'x 477, 480 (6th Cir. 2008) ("[T]he statute of limitations on Michel's Fourth Amendment claims began to run from the search on November 23, 2004." (citation omitted)).

Here, Defendants executed a search warrant on the Residence on July 15, 2019. (Am. Compl. ¶ 3). When the warrant was executed and Plaintiffs were handcuffed, Plaintiffs' claims began to run. *See Harper*, 293 F. App'x at 392 n.1. Troutman was not mentioned in the original Complaint, and the Amended Complaint was filed on November 18, 2020, more than 14 months after Plaintiffs' claims began to run, which is outside the one-year statute of limitations applicable to Section 1983 claims in Kentucky. *See Collard*, 896 F.2d at 182.

Plaintiffs argue the statute of limitations is tolled because of "concealment", citing *Lashlee v. Sumner*, 570 F.2d 107 (6th Cir. 1978). (Pls.' Resp. Def.'s Mot. Dismiss 5-7). In that case, however, the amended complaint charged that the defendant deliberately and fraudulently concealed the alleged libelous report from him and the Sixth Circuit recognized that "[d]eliberate concealment by a defendant of the plaintiff's cause of action will toll the statute of limitations." *Lashlee*, 570 F.2d at 110. By contrast in the present case, Plaintiffs make no allegation that any Defendant attempted to deliberately conceal the search warrant affidavit from them. (Am. Compl. ¶ 7).

Alternatively, Plaintiffs argue the Amended Complaint relates back to the original Complaint. (Pls.' Resp. Def.'s Mot. Dismiss 7-9). Pursuant to the Fed. R. Civ. P. 15(c)(3), Plaintiff must satisfy four requirements for a relation back of amendments adding a party, or changing the name of a party against whom the claim is asserted:

> (1) the claim sought to be amended arose out of the conduct or occurrence alleged or attempted to be alleged in the original complaint; (2) the party to be added received such notice that he will not be prejudiced in defending on the merits; (3) the party to be added knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him; and (4) the second and third requirements were satisfied within the period provided for service of the summons and complaint.

*Coy v. Louisville Jefferson Metro Gov't*, No. 3:06-cv-587-S, 2007 WL 3342368, at *3 (W.D. Ky. Nov. 7, 2007) (citing Fed. R. Civ. P. 15(c)(3)).

Rule 15(c)(3) distinguishes between a mistake of identity and a lack of knowledge as to the proper party. "Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the mistaken identity requirement of Rule 15(c)(3)." *Id.* at *3 (citations omitted). "An amendment relates back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where . . . *there is a lack of knowledge of the proper party*." *Id.* (citation omitted).

Here, Plaintiffs did not mistakenly list "unknown officer" instead of Troutman in their initial Complaint. Plaintiffs did not know the identity of the proper party; therefore, the Amended Complaint does not relate back. *See id.* Because the statute of limitations has run and the Amended Complaint does not relate back, Plaintiffs' Section 1983 claims against Troutman are dismissed.

    B.    <u>**State Law Claims**</u>

        1.    *False Imprisonment*

Plaintiffs' claim for false imprisonment accrued on the same day as their Section 1983 claims: July 15, 2019. (Am. Compl. ¶ 3). Under Kentucky law, the statute of limitations for a false imprisonment claim is one year. *See Dunn v. Felty*, 226 S.W.3d 68, 70-71 (Ky. 2007) (citing KRS 413.140(1). Thus, for the same reasons as stated above, Plaintiffs' false imprisonment claim is dismissed as time barred.

## 2.   *Outrage*

Additionally, Plaintiffs allege a state law claim of outrage. (Am. Compl. ¶¶ 69-71). Unlike false imprisonment claims, outrage has a five-year statute of limitations. *See Craft v. Rice*, 671 S.W.2d 247, 251 (Ky. 1984).

The tort of outrage is intended to be used as a "gap-filler" the court can utilize to provide redress for extreme emotional distress where another common law tort is not applicable. *Isert v. Ford Motor Co.*, No. 3:01-cv-258-S, 2003 WL 21496962, at *2 (W.D. Ky. June 26, 2003) (citations omitted). Where an actor's conduct would amount to a traditional common law tort permitting recovery for emotional distress, and the conduct was not only intended to cause emotional distress, the tort of outrage is not applicable. *Id.* (citations omitted).

The alleged conduct by Troutman in this matter could have amounted to a number of state law torts allowing Plaintiffs to recover for their emotional distress. Plaintiffs alleged one of those alternatives—false imprisonment. (Am. Compl. ¶¶ 66-67). Plaintiffs do not plead that his actions were intended solely to cause them emotional distress. The fact that Plaintiffs missed the statute of limitations and Troutman has moved to dismiss all other state law torts is irrelevant. *See Isert*, 2003 WL 21496962, at *3 ("[Plaintiffs] missed the statute of limitations for [false imprisonment] and cannot now attempt to circumvent the statute of limitations."). Likewise, other than Plaintiffs' recitation of the elements of this tort, the allegations do not rise to the level of extreme and outrageous conduct needed to state a claim for outrage. *See Humana of Ky., Inc. v. Seitz*, 796 S.W.2d 1, 3 (Ky. 1990) ("Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." (quoting Restatement

(Second) of Torts § 46 cmt. d)). Therefore, Plaintiffs' outrage claim against Troutman is dismissed.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 8) is **GRANTED**, and Plaintiffs' claims against Defendant Wesley Troutman are **DISMISSED**.

Greg N. Stivers, Chief Judge
United States District Court

August 24, 2021

cc: counsel of record